O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Robin Lesser, an individual,<br><br>         Plaintiff,<br><br>    v.<br><br>Metropolitan Life Insurance Company, a corporation; Northrop Grumman Health Plan, an ERISA plan; Does 1 through 10, inclusive,<br><br>         Defendants. | CV 09-5699-RSWL (CWx)<br><br>**ORDER Re: Motion for Leave to File Second Amended Complaint [37]** |

On September 7, 2010, Plaintiff's Motion for Leave to File Second Amended Complaint [37] came on for regular calendar before this Court.  The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides that

1

once the time frame to amend a pleading as a matter of course has lapsed, a party may amend its pleading only by obtaining leave of the court. FRCP 15(a); <u>Lone Star Ladies Invest. Club v. Schlotzskys Inc.</u>, 238 F.3d 363, 367 (5th Cir. 2001).  Leave shall be freely given when justice so requires. FRCP 15(a).  Courts consider the following factors that alone, or in combination, may justify denying a motion for leave to amend: undue prejudice to the opposing party, undue delay, bad faith or dilatory motive, futility of amendment, and whether the movant has previously amended a pleading. <u>See Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003).

   The Court finds that on balance the above mentioned factors weigh in favor of denying Plaintiff's present request for Leave.  Defendants will be substantially prejudiced by granting Leave to Amend in order to add a breach of contract claim against new Defendant Northrop Grumman Corporation just prior to the scheduled date of Trial.  Granting leave would cause undue delay because the proposed Amendment would necessitate the re-opening of discovery and would likely result in further motion practice, postponing this litigation for a significant period of time.  Plaintiff's delay in bringing this proposed Amendment further necessitates denying leave, as the facts underlying the proposed breach of contract claim against potential Defendant Northrop Grumman should have been known by Plaintiff at the beginning of

these proceedings and thus should have been brought at an earlier date.

    Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED**.

DATED: September 10, 2010

**IT IS SO ORDERED.**

                              RONALD S.W. LEW
                              _____

                              **HONORABLE RONALD S.W. LEW**
                              Senior, U.S. District Court Judge